1

2

3

4

5

6                            UNITED STATES DISTRICT COURT

7                            EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| 9  FELIX AWA ABA, | No. 1:26-cv-01561-KES-SAB (HC) |
| 10              Petitioner, | |
| 11       v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| 12  ORESTES CRUZ, Field Office Director of the San Francisco Field Office of U.S. | Doc. 1 |
| 13  Immigration and Customs Enforcement; TODD LYONS, Acting Director of U.S. | |
| 14  Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND | |
| 15  SECURITY; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; | |
| 16  CHRISTOPHER CHESTNUT, Warden, | |
| 17  California City Detention Facility; and PAMELA BONDI, Attorney General of the | |
| 18  United States, | |
| 19              Respondents. | |
| 20 | |

21          Petitioner Felix Awa Aba is an immigration detainee proceeding with a petition for writ of

22   habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously

23   addressed the legal issues raised by the petition.  *See, e.g.*, *Ramazan M. v. Andrews*, No. 1:25-CV-

24   01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *R.A.N.O. v. Wofford*, No.

25   1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Omer G. G. v. Kaiser*,

26   No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025).

27          The Court set a briefing schedule on the petition and ordered respondents to show cause as

28   to whether there are any factual or legal issues in this case that distinguish it from the Court's

1   prior orders and that would justify denying the petition.  Doc. 6.  While respondents oppose the

2   petition, they do not identify any factual or legal distinctions between this case and the Court's

3   prior orders, and they do not raise any new arguments.  *See id.* at 1–2.[1]

4   As respondents have not made any new legal arguments and have not identified any

5   factual or legal issues in this case that would distinguish it from the Court's prior decisions in

6   *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal.

7   Nov. 10, 2025), *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507

8   (E.D. Cal. Jan. 6, 2026), and *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025

9   WL 3254999 (E.D. Cal. Nov. 22, 2025), the petition for writ of habeas corpus is GRANTED, for

10  the reasons addressed in those prior orders.

11  Respondents are ORDERED to release petitioner immediately.  Respondents are

12  ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear

13  and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that

14  petitioner is a flight risk or danger to the community such that his physical custody is legally

15  justified.

16  The Clerk of Court is directed to close this case and enter judgment for petitioner.

17

18  IT IS SO ORDERED.

19  Dated:   February 27, 2026

UNITED STATES DISTRICT JUDGE

20

21

22

23

24  [1] Respondents request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue of

25  whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025.  *See*

26  Doc. 8 at 2.  But here immigration officials did previously encounter petitioner and they released him after implicitly determining that he did not pose a flight risk or a danger, and the issue is

27  whether the Due Process Clause requires a pre-deprivation hearing prior to his *re-detention*. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the

28  Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28